# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMILL MCDONALD, | ) | CASE NO. 1:24 CV 2250 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JERRY GREEN, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Jamill McDonald filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 on December 26, 2024. He is currently being held in the Mahoning County Jail, having been convicted by a jury on November 19, 2024 in this federal court on charges of Possession with Intent to Distribute Cocaine and Possession with Intent to Distribute Fentanyl. His sentencing hearing is scheduled for March 19, 2025. McDonald filed this Petition asserting that the search of his residence violated the Fourth Amendment, his indictment was defective and the governmented denied him a speedy trial. He seeks release from custody and a new trial without the evidence found in the search.

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner

is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under § 2243).

Because McDonald filed this Petition after his conviction, his Petition is viewed as one filed by a federal prisoner and not as one filed by a pretrial detainee. Petitions under 28 U.S.C. §2241 may only be used by a federal prisoner seeking to challenge the execution or manner in which his sentence is served. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Federal prisoners seeking to challenge their convictions or imposition of their sentences must pursue relief under 28 U.S.C. § 2255. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

A limited exception to this rule is found in the "savings clause" of § 2255(e). The savings clause of § 2255(e) allows a federal prisoner to challenge the lawfulness of his conviction or sentence under § 2241 only if "the remedy [under § 2255] is inadequate or ineffective to test the legality of his detention.' " 28 U.S.C. § 2255(e). "It is the Petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective," *Charles v. Chandler*, 180 F.3d 753, 756 (1999), and the circumstances under which that burden may be met "are narrow." *United States*

*v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). As the Supreme Court recently explained, the savings clause cannot be used as "end run" around the procedural limitations placed on post-conviction review by § 2255. *Jones v. Hendrix*, 599 U.S. 465, 143 S.Ct. 1857, 1868, 216 L. Ed. 2d 471 (2023). Instead, the savings clause applies only where "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court," such as where the sentencing court ceased to exist. *Id*. at 1866 (citing *Witham v. United States*, 355 F.3d 501, 504-505 (6th Cir. 2004)).

The narrow or unusual circumstances that could allow McDonald to proceed under §2241 do not exist here. McDonald filed this Petition immediately after he was convicted. He has not yet been sentenced. He still has the opportunity to raise his claims on direct appeal and in a §2255 Motion to Vacate. He cannot proceed under 28 U.S.C. § 2241 to attack his conviction.

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: 3/3/2025   　　　　　　　　　　 */s/ John R. Adams*
　　　　　　　　　　　　　　　　　　 JOHN R. ADAMS
　　　　　　　　　　　　　　　　　　 UNITED STATES DISTRICT JUDGE